UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                    Case No. 19-25762-BKC-EPK

                                                          Chapter 11

**SOUTH ATLANTIC REGIONAL
CENTER, LLC**

_____Debtor._____/

### CHAPTER 11 TRUSTEE, SCOTT N. BROWN'S
### MOTION TO CONVERT CASE TO CHAPTER 7

Scott N. Brown, as Chapter 11 trustee of the bankruptcy estate of South Atlantic Regional

Center, LLC (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105 and 1112, files his

Motion to Convert Case to Chapter 7 (the "Motion"), and in support thereof, states as follows:

### I.  Summary of Requested Relief

1.      By this Motion, the Trustee seeks entry of an order converting the instant case to a

Chapter 7. As set forth below, the Trustee's preliminary review suggests that this Debtor has no

business operations and no tangible assets, and thus, nothing to reorganize. As such, there is no

reason for this case to remain in Chapter 11 and: (a) continue to incur the costs; and (b) remain

subject to the reporting requirements associated with a Chapter 11, particularly when there are

presently no funds in the Estate and the sole source of recovery appears to be litigation claims.

2.      Accordingly, the Trustee asserts that the immediate conversion of this case to

Chapter 7 is in the best interests of the Estate and its creditors.

### II. Relevant Background

3.      This case commenced with the filing of an involuntary Chapter 11 petition by

petitioning creditor, 160 Royal Palm, LLC ("160 Royal Palm" or "Petitioning Creditor"), against

South Atlantic Regional Center, LLC (the "Debtor"), on November 22, 2019 (the "Petition Date").

4.    The Petitioning Creditor – a Chapter 11 debtor itself[1] – obtained a default final judgment against the Debtor in the amount of $63,996,558.37 on November 22, 2019 in Adv. Proc. 19-1740-BKC-EPK-A.

5.    On November 25, 2019, the Clerk of the Court issued a *Summons to Debtor in Involuntary Case* (ECF No. 4)(the "Summons"), which required the Alleged Debtor to file a motion or answer by December 17, 2019. The Summons was served by the Petitioning Creditor on November 26, 2019 (*see* ECF No. 6).

6.    On December 16, 2019, the Petitioning Creditor filed its *Motion for Appointment of Chapter 11 Trustee* (ECF No. 9)(the "Trustee Motion").

7.    On December 20, 2019, the Court entered an *Order for Relief in Involuntary Case and Order Setting Deadline for Filing Schedules, Statements and Other Documents* (ECF No. 10)(the "Order for Relief"), which, among other things, set deadlines for the Debtor to file schedules and a statement of financial affairs (the "Filing Deadlines").

8.    On December 23, 2019, the Petitioning Creditor filed its *Motion to Abate Time to File Schedules and Required Papers* (ECF No. 14), seeking, among other relief, an extension or abatement of the Filing Deadlines pending a ruling on the Trustee Motion and the appointment of a Chapter 11 trustee.

9.    On January 22, 2020, the Court entered its *Order Granting Motion for Appointment of Chapter 11 Trustee* (ECF No. 17)(the "Order Directing Appointment of Chapter 11 Trustee").

10.    Also on January 22, 2020, the Court entered its *Order Granting Motion to Abate Time to File Schedules and Required Papers* (ECF No. 18), which extended the Filing Deadlines

---

[1] *See* Case No. 18-19441-BKC-EPK.

though February 15, 2020, "…without prejudice to a trustee or other party in interest seeking a further extension."[2]

11.     On January 27, 2020, the United States Trustee (the "UST") appointed Scott N. Brown, as Chapter 11 trustee of the Debtor's bankruptcy estate (the "Estate")(*see* ECF No. 21). The Trustee filed his *Acceptance of Appointment* the same day (*see* ECF No. 22).

12.     On January 27, 2020, the UST also filed its *Application for Approval of Selection of Appointment of Chapter 11 Trustee* (ECF No. 23), and on January 29, 2020, this Court entered its *Order Approving Appointment of Chapter 11 Trustee* (ECF No. 24).

**The Debtor's Pre-Petition Business**

13.     As this Court is aware, the Debtor appears to have been affiliated with a variety of other persons and entities that have been accused of perpetrating an EB-5 fraud on foreign investors.

14.     The Trustee's preliminary investigation reflects that the Debtor ceased operating some time ago. Prior to its cessation of operations, it operated as a "Regional Center" as designated by the United States Citizenship and Immigration Services ("USCIS") that purported to sponsor capital investment projects for investments by EB-5 investors. It appears that the Debtor's managing member is United States Regional Economic Development Authority, LLC ("USREDA LLC") which is also a debtor before this Court – *see* Case No. 19-25780-BKC-EPK-A (the "USREDA LLC Case"), and that Joseph J. Walsh, Sr. ("Walsh Sr."), whose whereabouts are presently unknown, was the principal of both the Debtor, USREDA LLC and other related entities.

15.     A review of Sunbiz reflects that the Debtor was administratively dissolved on September 27, 2019 for failure to file its annual report, and the limited information presently available to the Trustee suggests that the Debtor has no open bank accounts.

---

[2] The Trustee will be filing a motion to further extend or abate the Filing Deadlines in short order.

16.     The Trustee is attempting to locate the Debtor's books, records, computers, and data, to the extent they exist.

17.     Public records also reflect that the Debtor is a defendant in a number of pending cases, including, but not limited to: (a) an enforcement action brought by the Securities and Exchange Commission (*see* Case No.: 9:18-cv-81038-DMM, S.D. Fla.); and (b) a suit brought by certain of the EB-5 investors (*see* Case No. 9:16-cv-81871-KAM, S.D. Fla).

### III.  Relief Requested

18.     Based on the foregoing, and after considering and reviewing (i) the information provided by counsel for the Petitioning Creditor and other interested parties; (ii) the Court file; (iii) the Trustee Motion, which is incorporated herein by reference; and (iv) various pleadings and papers filed in the actions referenced in Paragraph 17 above, the Trustee has concluded, based on the sound exercise of his business judgment, that: (a) there is presently no business to reorganize; (b) the likelihood of rehabilitation and reorganization is remote at best and more likely, non-existent; and (c) there is no need to incur the administrative costs of a Chapter 11. The Trustee has identified no meaningful benefit to creditors in maintaining this case as a Chapter 11.

19.     As such, the Trustee believes that immediate conversion to Chapter 7 is appropriate and warranted.

20.     Pursuant to 11 U.S.C. § 1112(b)(1), any party in interest, after notice and hearing, may request a case under Chapter 11 be converted to a case under Chapter 7 upon a showing of "cause."   A "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" is included in the definition of "cause" that warrants conversion of a case.  *See* 11 U.S.C. § 1112(b)(4).

21.    In analyzing whether there is an absence of reasonable likelihood of rehabilitation, the Court's sole focus is not "whether the debtor can confirm a plan, but, rather, whether the Debtor's business prospects justify continuance of the reorganization effort." *In re Basil Street Partners, LLC*, 477 B.R. 856, 862 (Bankr. M.D. Fla. 2012) (internal citations omitted).

22.    In the instant case, for the reasons set forth above and in the Trustee Motion, the Trustee asserts that there is: (a) no reasonable likelihood of reorganization; and (b) no meaningful benefit to be derived from the Debtor remaining in Chapter 11.

23.    Accordingly, the Trustee respectfully requests that the Court enter an order immediately converting the instant case to a Chapter 7.

**WHEREFORE**, Scott N. Brown, as Chapter 11 trustee of the bankruptcy estate of South Atlantic Regional Center, LLC, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) converting the case to a case under Chapter 7; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAST AMRON LLP
*Proposed Counsel for the Chapter 11*
*Trustee, Scott N. Brown*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Facsimile: 305.379.7905
Email: sbrown@bastamron.com
Email: jlegget@bastamron.com

By:*/s/ Scott N. Brown*
     Scott N. Brown, Esq. (FBN 663077)
     Jaime B. Leggett, Esq. (FBN 1016485)

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 4th

day of February, 2020, as follows:

### <u>VIA CM/ECF</u>

- Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
- Philip J Landau     plandau@slp.law,
  pdorsey@slp.law;dwoodall@slp.law;dlocascio@slp.law;ependergraft@slp.law;pmouton@slp.law
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Eric S Pendergraft     ependergraft@slp.law,
  dwoodall@slp.law;dlocascio@slp.law;bshraibergecfmail@gmail.com;pmouton@slp.law

*/s/ Scott N. Brown*
Scott N. Brown, Esq.